1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8 | JULIO ORTIZ,                                   CASE NO. 1:10-CV-00986-DLB PC

9 |                         Plaintiff,            ORDER DISMISSING ACTION FOR
                                                 FAILURE TO OBEY COURT ORDER
10 |    v.
                                                 (DOC. 9)
11 | J. N. KATAVICH, et al.,

12 |                         Defendants.

13 | _____/

14

15 |        Plaintiff Julio Ortiz ("Plaintiff") is a California state prisoner proceeding pro se in this

16 | civil rights action.  Plaintiff initiated this action by filing his complaint on June 3, 2010.  On

17 | March 7, 2011, the Court screened Plaintiff's complaint and found that it stated some cognizable

18 | claims.  Plaintiff was ordered to either file an amended complaint or notify the Court that he

19 | wished to proceed only on the cognizable claims.  On May 2, 2011, Plaintiff filed a motion for

20 | extension of time to file an amended complaint.  The Court granted this motion on May 8, 2011,

21 | granting Plaintiff thirty days from the date of service of the order. Plaintiff failed to file any

22 | response.  On July 11, 2011, the Court issued an order to show cause why this action should not

23 | be dismissed for Plaintiff's failure to obey a court order.  Plaintiff was ordered to file a response

24 | within thirty days.  As of the date of this order, Plaintiff has not filed a response.

25 |        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

26 | Rules or with any order of the Court may be grounds for the imposition by the Court of any and

27 | all sanctions . . . within the inherent power of the Court."  District courts have the inherent power

28 | to control their dockets and "in the exercise of that power, they may impose sanctions including,

1   where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

2   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

3   an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v.*

4   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*

5   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

6   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

7   1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

8   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

9   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

10  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

11       In determining whether to dismiss an action for lack of prosecution, failure to obey a

12  court order, or failure to comply with local rules, the court must consider several factors: (1) the

13  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

14  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

15  their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

16  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

17  *Ghazali*, 46 F.3d at 53.

18       In the instant case, the court finds that the public's interest in expeditiously resolving this

19  litigation and the court's interest in managing the docket weigh in favor of dismissal.  Plaintiff

20  was ordered to respond as of July 11, 2011, and did not do so.  The third factor, risk of prejudice

21  to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the

22  occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522,

23  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

24  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a

25  court's warning to a party that his failure to obey the court's order will result in dismissal

26  satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833

27  F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "Failure to

28  timely respond or to show cause will result in dismissal of this action." Thus, Plaintiff had

1   adequate warning that dismissal would result from his noncompliance with the court's order.

2       Based on the foregoing, it is HEREBY ORDERED that this action is dismissed for

3   Plaintiff's failure to obey the Court's July 11, 2011 order.  The Clerk of the Court is directed to

4   close this action.

5       IT IS SO ORDERED.

6   **Dated:   September 8, 2011**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28